UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DALE VERNON THRUSH,

Defendant.

_____/

Case:1:20-cr-20365
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 08-19-2020 At 01:17 PM
USA V SEALED MATTER (LG)

Cts. 1-10: 26 U.SC. § 7202 -
Failure to Pay Over Payroll Taxes

Cts. 11-14: 26 U.S.C. § 7203 -
Failure to File a Tax Return

## INDICTMENT

The Grand Jury in and for the Eastern District of Michigan, sitting in

Detroit, charges:

## INTRODUCTION

### The Defendant and Relevant Entities

At all times relevant to this Indictment:

1.      402 N Mission St, LLC ("402 N Mission") was a limited liability

company operating in Mount Pleasant, Michigan using the business names Ninety-

One, LLC and Oakridge DVD Rental. 402 N Mission provided employer-related

services, such as managing payroll and payroll-related taxes, and other employer-related administrative functions necessary to operate a business.

2.      Xtreme Enterprises, Inc. ("Xtreme") was a corporation operating in Mount Pleasant, Michigan and Lansing, Michigan that provided automotive repair services to customers at two different locations using the business names Auto-Lab Lansing, Adam's Auto Repair Mt. Pleasant, and Four O Two N Mission.

3.      Verno All Tune, Inc. ("Verno"), was a corporation operating in Mount Pleasant, Michigan using the business names Xtreme Race Cars, Racer's Speed Shop ("Racer's") and All Tune and Lube ("All Tune"). Verno sold motorsport vehicles repair parts and equipment to customers.

4.      USAuto Repair, Inc. ("USAuto") was a corporation operating in Mount Pleasant, Michigan using the business name Mount Pleasant Auto-Lab. USAuto provided automotive repair services to customers.

5.      The defendant DALE VERNON THRUSH ("Defendant") was the sole owner and operator of 402 N Mission, Xtreme, Verno, and USAuto. Defendant exercised control over 402 N Mission's finances, possessed signatory authority over its operating account, and controlled its expenditure of funds to pay expenses.

6.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States.

**Individual Income Taxes**

7.      Pursuant to Title 26 of the United States Code, every citizen and resident of the United States who received gross income in excess of the minimum filing amount established by law for a particular calendar year was required to make and file annually an individual income tax return with the IRS, such as an U.S. Individual Income Tax Return, Form 1040 ("Form 1040").

8.      402 N Mission, Xtreme, and Verno were organized as S Corporations. S Corporations were required to file U.S. Income Tax Returns for an S-Corporation, Form 1120S ("Forms 1120S"), with the IRS each calendar year, specifically reporting the entity's gross income, deductions, and distributions. Defendant as the sole owner and shareholder of 402 N Mission, Xtreme, and Verno was required to file a Form 1040 reporting the net profits and the distributions he received from 402 N. Mission, Xtreme, and Verno each year.

9.      Defendant timely filed his Form 1040 with the IRS for tax years 2011 and 2012, as required by law.

3

**Payroll Taxes**

10.     Pursuant to Title 26 of the United States Code, employers, including

402 N. Mission, were required to collect, truthfully account for, and pay over to the

IRS a variety of taxes withheld from employee wages, collectively referred to as

"Payroll Taxes." These taxes were: Federal Income Tax Withholding

("Withholding Taxes") and Federal Insurance Contribution Act taxes ("FICA

Taxes"), as more particularly described below:

(a)     Withholding Taxes: In general, an employer was required to

deduct and withhold income tax on the amount of wages that actually or

constructively were paid to its employees, and pay over those withholding taxes to

the IRS; and

(b)     FICA Taxes: The FICA tax was comprised of two elements:

old-age, survivor and disability insurance, commonly referred to as "Social

Security," and health insurance, commonly referred to as "Medicare." Social

Security taxes were used to fund retirement and disability benefits, while Medicare

taxes were used to provide health and medical benefits for the aged and disabled.

An employer had to deduct FICA taxes on the amount of wages that were actually

or constructively paid to its employees, and pay over those FICA taxes to the IRS.

11.     To account for Payroll Taxes that had to be paid to the IRS, the

Internal Revenue Code required employers to prepare tax forms, including Forms

4

W-2 and W-3, and to file them with the proper government agency. The Internal

Revenue Code required employers to accurately report to the IRS amounts of

employee wages paid, as well as the payroll tax withheld based on those wages.

12. Section 7501 of the Internal Revenue Code provided that whenever

any person was required to withhold or collect any internal revenue tax from any

other person and to pay over such tax to the United States, the amount of tax so

withheld or collected was required to be held in trust on behalf of the United

States.

13. Employers were required to report Payroll Taxes on an Employer's

Quarterly Federal Tax Return, Form 941 ("Form 941"). The Form 941 was filed

quarterly, and was due one month after the conclusion of each quarter.

## COUNTS ONE to TEN

### 26 U.S.C. § 7202
### Failure to Pay over Payroll Tax

14. The allegations in Paragraphs 1 through 13 of this Indictment are re-

alleged as if set forth in full herein.

**Payment of Payroll Taxes**

15. As the sole owner of 402 N Mission and as a person who exercised

control over 402 N Mission's finances, possessed signatory authority over its

operating account, and controlled its expenditure of funds to pay expenses,

5

Defendant was a "responsible person," that is, he had the corporate responsibility to collect, truthfully account for, and pay over 402 N Mission's Payroll Taxes.

16.     From in or about April 2014 to in or about December 2016, 402 N Mission withheld taxes from its employees' paychecks. However, beginning in or about June 2014, Defendant, on behalf of 402 N Mission, failed to timely file Forms 941 and make payments of the full amount of the 402 N Mission payroll taxes due to the IRS.

17. From in or about June 2014 through December 2016, Defendant on behalf of 402 N Mission failed to pay over approximately $238,223 in 402 N Mission payroll taxes due and owing.

18.     From in or about April 2014 to in or about December 2016, Defendant directed over $100,000 from the 402 N Mission payroll bank account to other entity bank accounts for, among other things, the payment of ordinary business expenses, while at the same time failing to pay over to the IRS Payroll Taxes withheld from 402 N Mission employee's paychecks.

19.     From in or about April 2014 to in or about December 2016, Defendant directed over $396,516 from the 402 N Mission payroll account for, among other things, the payment of remodeling expenses and construction costs for a business operated by his wife, while at the same time failing to pay over to the IRS Payroll Taxes withheld from 402 N Mission employee's paychecks.

6

20.     On or about the dates set forth below, in the Eastern District of

Michigan and elsewhere,

DALE VERNON THRUSH,

the Defendant herein, did willfully fail to truthfully account for and pay over to the

IRS all of the Payroll Taxes due and owing to the United States on behalf of 402 N

Mission and their employees, as set forth below, with each of the calendar quarters

constituting a separate count of this Indictment:

| Count | Form 941 for Calendar Year and Quarter | Quarterly Due Date |
|---|---|---|
| ONE | 2014 2nd Quarter | July 31, 2014 |
| TWO | 2014 3rd Quarter | October 31, 2014 |
| THREE | 2014 4th Quarter | January 31, 2015 |
| FOUR | 2015 1st Quarter | April 30, 2015 |
| FIVE | 2015 2nd Quarter | July 31, 2015 |
| SIX | 2015 3rd Quarter | October 31, 2015 |
| SEVEN | 2015 4th Quarter | January 31, 2015 |
| EIGHT | 2016 1st Quarter | April 30, 2016 |
| NINE | 2016 3rd Quarter | October 31, 2016 |
| TEN | 2016 4th Quarter | January 31, 2017 |

**All in violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.**

7

## 26 U.S.C. § 7203

### Failure to File a Tax Return

21.     The allegations in Paragraphs 1 through 13 of this Indictment are re-alleged as if set forth in full herein.

22.     Defendant filed Applications for Automatic Extension of Time to File U.S. Individual Income Tax Return, Forms 4868, for calendar years 2013, 2015, and 2016.

23.     During the calendar years set forth below, in the Eastern District of Michigan and elsewhere,

### DALE VERNON THRUSH

the Defendant herein, who was a resident of Farwell, Michigan, had and received gross income through 402 N Mission, Xtreme, and Verno in excess of $21,000 in each of the calendar years shown in the chart below. By reason of such gross income, he was required by law, following the close of the calendar year shown in the chart below, on or before the filing deadline shown in the chart below, to make an individual income tax return to the IRS, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, Defendant did willfully fail, by on or about the filing deadline shown in the chart below, in the Eastern District of

8

Michigan and elsewhere, to make an individual income tax return for the calendar

years shown in the chart below:

| Count | Calendar Year | Filing Deadline |
|---|---|---|
| **ELEVEN** | 2013 | October 15, 2014 |
| **TWELVE** | 2014 | April 15, 2015 |
| **THIRTEEN** | 2015 | October 15, 2016 |
| **FOURTEEN** | 2016 | October 15, 2017 |

**All in violation of Title 26, United States Code, Section 7203, and Title 18, United States Code, Section 2.**

THIS IS A TRUE BILL

Dated: <u>August 19, 2020</u>          <u>/s/ GRAND JURY FOREPERSON</u>


<u>/s/ Jason H. Poole</u>          <u>/s/ Mark McDonald</u>
JASON H. POOLE          MARK MCDONALD
Chief, Northern Criminal          DOJ Tax Division Trial Attorney
Enforcement Section          Northern Criminal Enforcement Section
U.S. Department of Justice,          150 M Street, NE
Tax Division          Washington, DC 20005

**Companion Case information MUST be completed by**

| United States District Court<br>Eastern District of Michigan | **Criminal Case C** | Case:1:20-cr-20365<br>Judge: Ludington, Thomas L.<br>MJ: Morris, Patricia T.<br>Filed: 08-19-2020 At 01:17 PM<br>USA V SEALED MATTER (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☑ No | AUSA's Initials: _(signature)_ |

Case Title: USA v. <u>DALE VERNON THRUSH</u>

County where offense occurred : <u>Isabella</u>

Check One:    ☑ **Felony**              ☐ **Misdemeanor**              ☐ **Petty**

       _X_ Indictment/____ Information --- **no** prior complaint.
       ____Indictment/____ Information --- based upon prior complaint [**Case number:** _____]
       ____Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____          Judge: _____

     ☐ Original case was terminated; no additional charges or defendants.
     ☐ Corrects errors; no additional charges or defendants.
     ☐ Involves, for plea purposes, different charges or adds counts.
     ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 19, 2020
<u>_____</u>
Date

_(signature)_ for

Mark McDonald
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone:  (810) 766-5177
Email: mark.s.mcdonald@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

03/11/2013