UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,             Case No. 1:20-CR-20365

       Plaintiff,                        Hon. Thomas L. Ludington
                                         United States District Judge

  v.

                                         Hon. Patricia Morris
DALE VERNON THRUSH,                    United States Magistrate Judge

       Defendant.
_____/

## UNITED STATES OF AMERICA'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM DEFENSE EXPERT ON TOPICS IDENTIFIED IN DEFENDANT'S EXPERT DISCLOSURE

The United States moves under Federal Rules of Evidence 403 for an order

prohibiting the defendant from introducing expert opinion testimony "… as an

accountant and tax return preparer on whether the QuickBooks accounting records

[for businesses controlled by Defendant Dale Vernon Thrush] as they existed in

[m]id-2016, were sufficient to prepare… [Defendant] …Thrush's 1040 tax returns

for the period of 2013 through 2016." (Attachment A at 3).

<u>BRIEF</u>

Defendant Dale Vernon Thrush is charged with ten counts of failure to pay over

the payroll taxes owed by the business 402 N. Mission St, LLC, in violation of 26

U.S.C. § 7202 and four counts of failure to file his personal income  tax returns for

2013, 2014, 2015, and 2016, in violation of 26 U.S.C. § 7203.   Thrush has

disclosed an expert report for Ghassan Alkamano, in which he summarizes the

anticipated opinion testimony offered by Alkamano.  (Attachment A at 4).

Specifically, Thrush will elicit testimony that the accounting records that were

created by Donna Henke, a bookkeeper for Thrush's businesses, were incomplete

and therefore Thrush did not file his income tax returns for three years.  As

discussed below, such testimony is not relevant to the facts at issue in this case and

has a high potential to mislead and confuse the jury.

## Case Law

To convict a defendant of willful failure to file an income tax return in

violation of 26 U.S.C. § 7203, the government must prove the following elements

beyond a reasonable doubt: (1) that the defendant was required to file a return; (2)

that the defendant failed to file a return at a time required by law; and (3) that the

defendant's failure to file was willful. *See, e.g., United States v. Fusero,* 106 F.

Supp 2d 921, 927 (E.D. Mich. 2000) (citing *United States v. Foster*, 789 F.2d 457,

460 (7th Cir.)). The Sixth Circuit has held that the willfulness requirement of §

7203 is satisfied if there is a deliberate intent not to file returns that the taxpayer

knows ought to be filed. *United States v. Evanko*, 604 F.2d 21, 23, (6th Cir. 1979)

(citing *United States v. Greenlee*, 517 F.2d 899, 904 (3rd Cir. (1975)); *see Cheek v.*

*United States*, 498 U.S. 192, 196-97 (1991).

2

Pursuant to the Federal Rules of Evidence, an expert's opinion testimony is admissible if his "scientific, technical, or other specialized knowledge will help the [jury] to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Regardless of whether testimony is lay or expert, a witness may not "spoon feed" conclusions about evidence to the jury when the jury is able to evaluate the evidence for itself. *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013); *see also United States v. Kilpatrick*, 798 F.3d 365, 380 (6th Cir. 2015). As with all evidence, the opinion testimony must also be relevant and its probative value cannot be substantially outweighed by a risk that it will confuse or mislead the jury. Fed. R. Evid. 401 & 403.

<u>Argument</u>

The government understands at trial, Defendant Thrush intends to argue he was unhappy with the numbers reflected in the relevant QuickBooks accounting records in 2016 and thus he elected to wait to file his 2013 through 2016 Forms 1040 tax returns until the QuickBooks accounting records were amended and updated until he was happy with the numbers in the accounting records. Moreover, it appears Defendant Thrush intends to elicit opinion testimony that his 2013, 2014, 2015, and 2016 Forms 1040 tax returns "…could not have been prepared just using…." the relevant QuickBooks records in 2016 because if the 2016 version of

the QuickBooks records were used "… the numbers on the [Form] 1040 returns would have been different." (Attachment at 6).

Regarding the charged § 7203 offenses (Counts 11, 12, 13, and 14 of the Indictment) to convict Defendant Thrush at trial the jury must determine the evidence proves beyond a reasonable doubt that he was required to file his 2013, 2014, 2015, and 2016 Forms 1040 tax returns; (2) that he failed to file the Forms 1040 tax returns at the time required by law; and that (3) Thrush's failure to file was willful (i.e., that he deliberately intend not to file his Forms 1040 tax returns despite knowing they should be timely filed). *Evanko*, 604 F.2d at 23.

Expert opinion regarding Defendant Thrush's unhappiness with relevant QuickBooks accounting records in 2016 will not help the jury "to understand the evidence or to determine a fact in issue" at trial. Fed. R. Evid. 702. The jury does not need an expert witness to "spoon feed" them conclusions about evidence when the jury is easily able to understand the simple concept that Defendant Thrush may have been unhappy with the numbers reflected in the relevant QuickBooks accounting records in 2016 and thus elected not to timely file a Form 1040 tax return. *Freeman*, 730 F.3d at 597. The jury also does not need help to understand the simple concept that changing and amending the numbers in QuickBooks accounting records and then using the records to prepare Forms 1040 tax returns

4

will have the effect of changing and amending the numbers on the resulting tax returns. *Id.*

Similarly, Defendant Thrush's unhappiness with the numbers in the relevant QuickBooks records and the correlation between the numbers in the QuickBooks records and the numbers on the relevant tax returns will not be a fact at issue during the trial because they are not relevant to an element of the charged § 7203 offenses.

Defense counsel may respond and argue that Defendant Thrush's unhappiness with the numbers in the relevant QuickBooks records is probative to a jury determination of the element of willfulness for the charged § 7203 offenses. However, regarding the charged § 7203 offenses, the defendant's unhappiness with his accounting records is not the proper topic for expert opinion testimony because the jury is not required to determine if Defendant Thrush filed a false, fraudulent, or inaccurate Form 1040 tax return. Rather, the jury must determine if he willfully failed to *timely* file his relevant Forms 1040 tax returns. Thus, Defendant Thrush's unhappiness with the numbers in the relevant QuickBooks records will not be a fact at issue in this trial and is not the proper topic for expert opinion testimony.

CONCLUSION

Expert opinion testimony about whether relevant QuickBooks accounting records as they existed in 2016, were sufficient to prepare Defendant Thrush's

2013, 2014, 2015, and 2016 Form 1040 tax returns will not help the jury to understand the evidence or to determine a fact in issue in this trial. Therefore, the defendant should be precluded from presenting such expert opinion testimony.

Date: June 25, 2021                    Respectfully submitted,

                                       Saima S. Moshin
                                       Acting United States Attorney


                                       /s/Mark McDonald
                                       Jules M. DePorre (P73999)
                                       Assistant U. S. Attorney
                                       Mark McDonald (VA72198)
                                       DOJ Tax Division, Trial Attorney
                                       600 Church Street
                                       Flint, Michigan 48502-1280
                                       mark.s.mcdonald@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

Pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, the Government certifies that it contacted defense counsel to seek concurrence with the relief sought in this motion and confirm defense counsel does not concur.

I hereby certify that on this 25th day of June, 2021, I electronically filed and emailed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

<u>/s/ Mark McDonald</u>
Mark McDonald
Trial Attorney