UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                                    Case No. 1:20-cr-20365
                                          Hon. Thomas L. Ludington
                                          Magistrate Patricia T. Morris

DALE VERNON THRUSH,

                          Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
## SPECIFIC EVIDENCE

NOW COMES Defendant, by and though his attorney, Joseph Falcone, and for his Motion in Limine, states as follows:

1. This case involves

    a. Asserted violations of 26 USC 7602 for the alleged willful failure to account for and pay over Payroll Taxes due and owing to the

1

  IRS by 402 N. Mission, LLC, for the calendar quarters starting April 1, 2014 through December 31, 2016, excluding the second quarter of 2016. The 941 tax returns were due the last day of the month following each quarter.

 b. Asserted violations of 26 USC 7203 for the alleged willful failure to timely file, before the filing deadline, Defendant's 1040 returns for 2013 through 2016. The deadlines ranged from October 15, 2014, through October 15, 2017.

2. The United States has indicated that it will seek to introduce the following evidence:

a. Evidence regarding the fact that Defendant's accountant submitted to Members First Credit Union copies of unsigned 2014, 2015 and 2016 1040 tax returns for Defendant, which returns were prepared on May 11, 2018, and which returns showed different amounts of income and expenses than the 1040 returns eventually filed by the Defendant with the IRS in January 2020 or thereafter.

b. Evidence regarding a sale of a business by Defendant to 13 Marketing Group, Inc. Defendant sold U.S. Auto Repair, Inc., and Extreme Enterprises, Inc., to 13 Marketing Group, Inc. The United States intends to introduce evidence, namely a letter dated January 22, 2018, (Exhibit A, attached hereto), asserting that Defendant failed to provide the buyer a State of Michigan Unemployment Insurance Agency form 1027 and claiming that the failure to provide the form was fraudulent and a misdemeanor under Michigan law. In addition, the United States intends to introduce documents surrounding the sale, such as the bill of sale and purchase agreement of the sale, Exhibit B attached hereto).

c. Evidence in the form of IRS transcripts that are not complete and up to date. The United States should be required to produce up to date Transcripts showing the tax return filings and payments for Defendant and his companies. For example, the IRS claims that Defendant did not file his 1040 return for 2016. (See government's proposed exhibit 231 attached hereto as Exhibit C). Yet, Defendant mailed the return to the IRS several times, the last being on March 15, 2021, and received a Post Office return receipt showing that that the return had been received on March 18, 2021. (See Exhibit D attached hereto). Defendant had to

3

remail various checks to the IRS also. Apparently, the IRS is way behind on its processing of returns and payments.

3. The evidence relating to the returns being sent to the bank in 2018 should not be admitted because under Federal Rules of Evidence 404 such evidence would be prohibited because it constitutes evidence of other crimes, wrongs or acts. In addition, under Federal Rule of Evidence 403, its probative value is substantially outweighed by unfair prejudice, confusing the issues and misleading the jury.

4. The evidence relating to the January 22, 2018, letter (attached hereto as Exhibit A), and the purchase documents (Exhibit B, attached), should not be admitted because they are irrelevant and because under Federal Rule of Evidence 403, its probative value is substantially outweighed by unfair prejudice, confusing the issues and misleading the jury.

5. The United States should not be permitted to introduce IRS transcripts because the transcripts now indicate a lack trustworthiness and should not be admissible under Federal Rule of Evidence 803(6) or 803(8). The Defendant does not believe that any transcripts of the IRS should be admitted without the testimony of a custodian who can be cross-

examined on the effect the pandemic had on the IRS record keeping. The IRS's records, in light of the closures of IRS service centers during the pandemic are no longer trustworthy. If the IRS cannot prove to the Court that its records are trustworthy and up to date, it should not be allowed to introduce its records under the business record rule hearsay exception.

6. The United States has produced a few emails between the Defendant's accountant and Defendant's in house bookkeeper. It is unlikely that over a three year period there was only one exchange of emails. Defendant believes there may be exculpatory evidence

WHEREFORE, Defendant prays that the Court hold that the evidence of:

    a. Tax Returns being given to the Bank by the Defendant's accountant in 2018,

    b. The sale of Defendant's business and his allegedly failure to give the UIA form 1027 to the buyer, as well as the January 22, 2018, letter,

    c. IRS transcripts,

all be deemed not admissible for the reasons stated in this motion and brief,

and

Order that the United States turn over all emails acquired in its investigation between Donna Henke, Sue Hastings and/or Frank Ross.

| | |
|---|---|
| /s/ Joseph Falcone<br>Joseph Falcone (P25727)<br>Attorney for Defendant<br>3000 Town Center, Suite 2370<br>Southfield, MI 48075<br>248-357-6610<br>jf@lawyer.com | June 29, 2021 |

**BRIEF**

### A. THE EVIDENCE ABOUT DEFENDANT'S ACCOUNTANT SENDING INCORRECT RETURNS TO THE BANK SHOULD NOT BE ADMITTED.

Sending incorrect information to a bank in support of a loan could be considered bank fraud. The jury is likely to be confused over why Defendant is being prosecuted if the government introduces evidence of tax returns, which are different than the ones actually filed, being sent to a bank in support of a loan.

The jury could easily conclude, based on common knowledge, that sending tax returns to a bank, when those tax returns are shown to be incorrect, is a bad act or a crime. Under Rule 404 the government would have to show that the reason why it was introducing that evidence, other than as character or propensity evidence, whether it is relevant and material. If the court finds that the evidence is material, then this Court would decide if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.

In the instant case, the purpose of introducing the evidence is to show that Defendant knew of or allow incorrect tax returns to be given to a bank. If Defendant could do that, then he was a fraudulent person and the type of person who would not pay his taxes or file his tax return, as he obviously was a rule-

breaker. The fact that an accountant sent tax returns to a bank does not make it more likely that the Defendant willfully failed to file his tax returns and/or pay over withheld payroll taxes. But, the fact that incorrect returns were given to a bank does make it more likely that a jury would convict Defendant. *See, U.S. v. Clay*, 667 F.3d 689, 696 (6th Cir. 2012).

In the instant case, the bad act of giving incorrect tax returns to the bank is not related to the crimes of failing to pay and failing to file and, as such, do not meet the requirement of Rule 404(b). As stated before, the danger that the jury will use the evidence to conclude that Defendant is a bad person is too great and the evidence should not be admitted as required by Rule 403.

### B. EVIDENCE OF THE SALE OF THE BUSINESSES OR THE JANUARY 22, 2018, LETTER SHOULD NOT BE ADMITTED.

The January 22, 2018, letter will certainly prejudice the jury as it simply a hearsay claim containing a legal opinion that Defendant committed a crime by not providing the buyer a Michigan Unemployment Agency Form that he was allegedly did not do. The form, UIA 1027, requires that it be given prior to a sale by the seller to a buyer of a business. It appears to be a form of the type that is taken care of by attorneys or accountants in the process of a sale.

If the government introduces evidence of the failure of Defendant to submit such a form to the buyer of Defendant's businesses, the jury may believe that Defendant should be convicted for that failure, even though the form was not a tax form and had nothing to do with the tax returns or taxes at issue in this case. As such, the evidence should not be allowed under Rule 403. The only reason for the introduction of the Defendant's failure to give a government form to a buyer of a business would be to prove the propensity of Defendant to commit the crime of failure to file because he had allegedly committed a crime in not supplying his buyer with the form UIA 1027 before the sale, even though the buyer apparently did not affirmatively raise the issue for three years.

If this evidence is intended to be evidence of other crimes, it should not be allowed in because there is insufficient evidence to prove that Defendant committed a crime, in that the evidence of other crimes is not clear and convincing, and it is not a crime similar to the failure to pay or file crimes that Defendant is charged. The crime or bad act has to be very similar or identical to the one at issue. *United States v. Clay,* 667 F.3d 689, 696 (6th Cir. 2012). In *Clay,* the government argued that a prior assault is admissible to prove specific intent for carjacking. The Sixth Circuit disagreed with the government. The Sixth Circuit said that Rule

404(b) evidence is probative of intent only "when the prior acts were part of the same scheme or involved a similar modus operandi as the present offense."

Here, the failure to supply a form to a buyer of a business is not part of a scheme not to file federal income tax returns or pay federal taxes. In addition, failing to supply a private person with a form does not involve a similar modus operandi of failing to file income tax returns.

The Sixth Circuit in *Clay* reminded us that "Evidence of other bad acts undoubtedly has a powerful impact on a juror's mind." The Court believed that the jury would use the evidence to suggest that the defendant is a bad person and if he "did it before he probably did it again." *Id.* at 696. The Court found that a limiting instruction might not be enough to eliminate prejudice resulting from the needless admission of such evidence. *Id.*

Once the evidence of the letter or the sale documents were brought in, Defendant would have to put on a case defending the claim that he violated the sale agreement. The evidence should not be allowed under Rule 404 and 403. The case will become a trial within a trial over the UIA 1027 form.

### C. IRS RECORDS ARE NO LONGER TRUSTWORTHY AND SHOULD NOT BE ADMITTED AS A BUSINESS RECORD OR PUBLIC RECORD.

The IRS, because of the pandemic, closed its processing centers for several weeks and then re-opened them with limited staff. According to the Government Accountability Office, as stated on its website,[1] at the end of 2020, the IRS still had 13 million returns to process and 4 million pieces of taxpayer correspondence to respond to. What this means is that the IRS transcripts that show that the taxpayer did not file certain of his income tax returns when he said he did, (in January 2020), are likely wrong. The records that show that the taxpayer did not send in checks for payments are likely wrong also, given that the IRS did not open millions of pieces of mail. According to the Washington Post, the IRS is still behind in processing returns in 2021.[2]

The Defendant mailed his 2016 return in for the third time in March 2021 and the IRS received it on March 18, 2021. (Exhibit D, return receipt postcard). Normally, the IRS would have processed the return, but the United States in this case is claiming that Defendant's 2016 return is still not filed as of April 27, 2021. As a result, there is a lack of trustworthiness to the IRS's records. The Defendant is

---

[1] https://www.gao.gov/blog/more-delays-ahead-pandemic-continues-slow-down-irs

[2] https://www.washingtonpost.com/business/2021/03/12/irs-tax-refund-delays/

not arguing the weight of the evidence, but the admissibility of the transcripts as they are not trustworthy given the pandemic's adverse effect on the IRS's recordkeeping and the fact that the IRS claims that it did not receive returns that the Defendant proved were sent in. The fact that the IRS still claims that the Defendant has still not filed a return that was prepared in December 2019 unfairly prejudicially paints Defendant as a scofflaw who refuses to file his tax return even after it is fully prepared.

Defendant claims that he filed form 1040 returns for the years at issue as soon as they were prepared. The returns were prepared in December 2019 and some of the returns were received by the IRS in January 2020. Certain of the returns, such as the 2014 and 2016 1040's had to be refilled, twice.

If the IRS transcripts are allowed in evidence because they are a certified public record, Defendant will be prejudiced because the jury will believe that Defendant is not telling the truth about when he filed the returns and when he sent in checks to pay his taxes. Defendant had to send in a new check(s) after the IRS did not cash a check(s) sent in during the pandemic.

In the instant case, the IRS records sought to be introduced were prepared in anticipation of prosecution. An IRS employee preparing the business records would have anticipated that his or her statement would be used against an accused

12

in investigating and prosecuting a crime of failing to file a return. The IRS records are testimonial in nature. *See, U.S. v. Cromer,* 389 F.3d 662, 675 (6th Cir. 2004). They would be introduced to establish the truth of the matter asserted, i.e., that Defendant did not pay or did not file tax returns. That is the element of the alleged crime. As a result, under *Crawford v. Washington,* 541 U.S. 36 (2004), Defendant is entitled to cross-examine the witness who certifies that the official record is correct. The records should not be admitted because the IRS records are not reliable at this time.

If the Court will not refuse to admit the IRS records, then alternatively, the IRS should have to have someone who is knowledgeable about the IRS's recordkeeping during the last year during the pandemic be subject to cross-examination.

### D. THE GOVERNMENT SHOULD PRODUCE ALL EMAILS BETWEEN FRANK ROSS, DONNA HENKE AND SUE HASTINGS

The government is going to introduce a few emails between Donna Henke, its star witness and Defendant's former in-house bookkeeper and Frank Ross, Defendant's CPA. In addition, there are a few emails between Sue Hastings, Defendant's new bookkeeper and Frank Ross that the government intends to introduce.

Defendant does not know if the government has other emails between these people, but given that most people write a lot of emails, it is likely that the government has copies of other emails written over the period of time involved in this case and those emails could very well be exculpatory. To take a few emails, perhaps out of context, could very well be prejudicial to Defendant. Under *Brady v. Maryland*, 373 US 83 (1963), and the government is required to allow Defendant to see those materials.

### CONCLUSION

The motion should be granted.

/s/ Joseph Falcone              June 29, 2021
Joseph Falcone (P25727)
Attorney for Defendant
3000 Town Center, Suite 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com