UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:20-cr-20365

v.                                             Honorable Thomas L. Ludington
                                                     United States District Judge

DALE VERNON THRUSH,

        Defendant.
_____/

**OPINION AND ORDER DECLARING MISTRIAL AND DENYING AS MOOT MOTIONS REGARDING WITNESS TESTIMONY**

In August 2019, Defendant Dale Vernon Thrush was indicted on 14 tax offenses relating to his individual and payroll tax obligations. *See* ECF No. 1. On November 4, 2021, after a year of extensions and a last-second bid by Defendant to adjourn the trial,[1] the parties appeared for jury selection. Even with the various COVID-19 procedures in place, a jury was selected with little difficulty.

By the end of Friday, the following day, the trial appeared to be progressing as smoothly one could have hoped. But the best-laid plans of mice and men often go awry—especially in the context of a global pandemic. On Friday, November 5, 2021—four minutes before the courthouse closed—the Government informed this Court and defense counsel by email that one of the

---

[1] The trial was repeatedly adjourned due to the COVID-19 pandemic and counsels' need to review discovery. *See, e.g.*, ECF Nos. 16; 22; 35. On October 7, 2021—less than a month before trial—Defendant filed a motion to proceed without COVID-19 procedures or to adjourn the trial until it could be conducted without COVID-19 procedures. *See* ECF No. 39. His primary argument was that forcing him to wear a facemask would interfere with his Sixth Amendment right to confront witnesses face-to-face. *See id.* at PageID.304–06. His motion was denied because "the witnesses would [still] be able to perceive [Defendant's] presence and see his full person," and his mask "would not obstruct either his or the jury's view of the witness." ECF No. 41 at PageID.315 (Order Den. Def.'s Mot. for Adjournment).

Government's primary witnesses, Donna Henke, had tested positive for COVID-19 earlier that day.[2] Because of her COVID-19 diagnosis, Ms. Henke could not testify in the courtroom on Monday as originally planned. Despite the circumstances, Defendant refused to waive his Sixth Amendment right to face-to-face confrontation. Over the next 48 hours, the situation only became more complicated.

On Saturday morning, the Government filed a motion to either permit two-way video testimony or allow Ms. Henke to testify from the courthouse parking lot. ECF No. 55. The Government had acquired a large tent, table, and chairs so Ms. Henke could testify "while seated in a covered canopy tent area with [Defendant] and defense counsel present (at a safe distance and seated in folding chairs at a foldable 6-foot banquet table)." *Id.* at PageID.477. Within the hour, Defendant filed a motion to bar the Government's proposal. ECF No. 56. Defendant stated that his "whole defense is that [Ms. Henke] is lying" and therefore demanded that Ms. Henke "be forced to come to court and lie to [his] face and to the jury." *Id.* at PageID.488. As for the Government's outdoor proposal, Defendant derided the tent-and-table arrangement as a "travesty," likening it to a "drive-in theater." *Id.* at PageID.491. Defendant also noted that conducting examinations in the cold outdoor weather could be unsafe. *Id.*

Unfortunately, Ms. Henke's diagnosis was not the only surprise development. At a telephonic hearing on Monday morning, this Court revealed two additional complications. First, one of the jurors informed this Court that she could not report for service because her minor son was very ill with an unspecified illness. Second, on Sunday afternoon, the undersigned's spouse

---

[2] The Government later revealed that Ms. Henke first tested positive with a rapid test on November 3, 2021. Ms. Henke then allegedly received a positive PCR test. Ms. Henke allegedly told the Government of the positive PCR test on Friday afternoon.

tested positive for COVID-19 and was mildly symptomatic. The undersigned had taken a rapid test, which returned a negative result, but could not enter the courthouse due to the recent exposure.

Given those unfortunate developments, this Court proposed adjourning the trial until November 30, 2021—the earliest available date given this Court's calendar and the need for Ms. Henke to recover. The Government agreed, but Defendant objected that the delay could prejudice his defense, as some jurors might have difficulty recalling the prior testimony. In response, this Court noted that, given the exceptional circumstances, the only alternative would be a mistrial.

With those two alternatives in mind, this Court called the jury into the courtroom using an electronic platform to poll their availability during the week of November 30, 2021. Several jurors reported that they would be unavailable, some for medical procedures scheduled before trial. With the proposed adjournment seemingly out of the question, and a confluence of factors preventing the trial from continuing, this Court informed counsel that it would declare a mistrial.

Accordingly, for the reasons stated on the record and above, it is **ORDERED** that the trial in this matter is **TERMINATED** by reason of mistrial. The matter shall be set for a new trial commencing on the earliest practicable date, consistent with this Court's calendar, and subject to further motion practice of Defendant.

Further, it is **ORDERED** that the Government's Motion to Permit Two-Way Videoconference Testimony, ECF No. 55, and Defendant's Motion to Bar Video Testimony, ECF No. 56, are **DENIED AS MOOT**.

Dated: November 15, 2021            s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge