## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                 Case No. 1:20-cr-20365
                                             Hon. Thomas L. Ludington
                                             Magistrate Patricia T. Morris

DALE VERNON THRUSH,

     Defendant.

_____/

## MOTION TO DISQUALIFY PROSECUTORS AND BRIEF IN SUPPORT

NOW COMES Defendant Dale Thrush, by and through his attorney, Joseph Falcone, Venar Ayar and Hayden Leithauser, and moves that Mark McDonald and George Meggali be disqualified as prosecutors in this case.

In support thereof, Defendant states as follows:

1.     This motion is brought pursuant to the Fifth Amendment to the U.S. Constitution and 28 U.S.C. § 528

2.     An attorney for the government shall be subject to State laws and rules governing attorneys in each State where the attorneys engage in their attorney's duties, to the same extent and in the same manner as other attorneys in that State.  28 U.S.C. § 530B.

3.      The Michigan Court of Appeals has held that the Courts are to decide whether there is a conflict of interest required to disqualify a prosecutor. MCL 49.160.

4.      On November 22, 2021, Counsel for Defendant, Defendant and Sue Hastings mailed an ethical complaint of Marc McDonald and George Meggali to the Department of Justice, Office of Professional Responsibility, attached as **Exhibit A**. (Certain of the documents attached to Exhibit A are being filed under seal pursuant to this Court's order.)

5.      Michigan recognizes disqualification in two instances, (1) "conflict of interest arising out of some professional, attorney client relationship" and (2) "situations where the prosecuting attorney has a personal interest (financial or emotional) in the litigation." *People v. Doyle*, 159 Mich. App. 632, 641-42; 406 N.W.2d 893 (1987).

6.      There are two policy considerations at play: (1) "fairness to the accused" and (2) "a prosecutor's duty to obtain justice, not merely convict." *Id.* at 643. "A district attorney may thus prosecute vigorously, but both the accused and the public have a legitimate expectation that his zeal, as reflected in his tactics at trial, will be borne of objective and impartial consideration of the individual case." *Id.* (citing *People v. Superior Court (Greer)*, 19 Cal.3d 255; 137 Cal.Rptr. 476; 561 P.2d 1164 (1977)).

7.      Furthermore, disqualification is required when there is even the appearance of a conflict. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. at 806, 107 S.Ct. at 2137 ("as will generally be the case, the appointment of counsel for an interested party to bring the contempt prosecution in this case at a minimum created opportunities for conflicts to arise, and created at least the appearance of impropriety." (emphasis original)); *see also Doyle*, 159 Mich. App. at 645 ("the avoidance of an appearance of impropriety require this result").

8.      Various actions of Counsel for Plaintiff have engendered a lack of faith that they may act impartially, including but not limited to deliberately withholding material information about the availability of witnesses from Defense Counsel and the Court, thereby causing a mistrial, and making misleading statements as to their personal knowledge of the availability of said witness outside of the record but during the Defendant's trial.

9.      The underlying conduct of the ethical complaint sent to the Department of Justice shows that Counsel for Plaintiff are overzealous. Defendant fears that the ethical complaint will add "fire to the flame" and create a personal stake (financial and emotional) for Counsel for Plaintiff to convict the Defendant.

10.      Conduct of Counsel for Plaintiff since submission of the ethical complaint has indicated that Counsel for Plaintiff are overzealous.

11.     Counsel for Defendant has sought concurrence from Counsel for Plaintiff and Counsel for Plaintiff objects to this motion.

WHEREFORE, Defendant prays that this motion be granted and Trial Attorneys Marc McDonald and George Meggali be disqualified from serving as Counsel for Plaintiff.

Respectfully Submitted,

Dated: December 23, 2021

By: /s/ Joseph Falcone
Joseph Falcone (P25727)
Attorney for Defendant
3000 Town Center, Ste. 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com

By: /s/ Venar Ayar
Venar Ayar (P74233)
Attorney for Defendant
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
248-262-3400
venar@ayarlaw.com

By: /s/ Hayden Leithauser
Hayden Leithauser (P83708)
Attorney for Defendant
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
248-837-9450
hayden@ayarlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CR-20365 |
| | ) | Thomas L. Ludington |
| DALE VERNON THRUSH, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| _____/ | | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISQUALIFY
PROSECUTORS**

Federal Prosecutor's are beholden to Michigan Law regarding ethical standards when operating in the State of Michigan. 28 U.S.C. § 530B(a). Michigan gives the Court discretion to disqualify prosecutors when "there is an appearance of indiscretion." *People v. Doyle*, 159 Mich. App. 632, 645; 406 N.W.2d 893 (1987). There is an indiscretion when there is a conflict of interest between a prosecutor's duty to the people and his personal interest in the outcome of the case. Defendant, Sue Hastings and Counsel for Defendant have submitted an ethical complaint against Counsel for Plaintiff. The underlying conduct of the complaint shows that Counsel for Plaintiff have been dishonest and overzealous. The ethical

5

complaint will exacerbate the issue, creating a personal stake for McDonald and Meggali in the outcome of this proceeding, requiring disqualification.

On November 22, 2021, Defendant, Sue Hastings and Counsel for Defendant submitted an ethical complaint to the Department of Justice Office of Professional Responsibility. In the ethical complaint, Defendant principally alleged that Counsel for Plaintiff violated their duty of candor to the tribunal by deliberately withholding information that their witness, Ms. Henke, was going to be unavailable to testify due to her positive COVID-19 test prior to trial. MRCP Rule 3.3; *see also* Standard, 3-1.4(a), Criminal Justice Standards for the Prosecution Function, ABA (4th ed. 2017). They did this so that they could force a mistrial if the case were not going well, as they have done. Defendant further alleged that Counsel for Plaintiff deliberately made misleading statements to Defense Counsel and the Court, implying that Counsel discovered the COVID-19 diagnosis later than they actually had. The ethical complaint has merit on its face and Counsel for Plaintiff will be investigated for violations of the Rules of Professional Conduct.

28 U.S.C. § 530B(a) requires that prosecutors following the state's law in which they are operating regarding ethical standards. Courts in Michigan identify two conflicts of interest which will require recusal of the prosecuting attorney. *Doyle*, 159 Mich. App. At 642. These are when a prosecutor has a personal interest

(financial or emotional) in the outcome of the litigation and when a prosecutor has a professional relationship with a former client that interferes with the prosecution. *Id.*

Prosecutors have a duty to obtain justice, not to convict. "While the prosecutor must prosecute vigorously, he must also prosecute impartially." *Id.* at 643. That is to say, win-at-all-cost tactics and dishonesty in any form should never enter into the prosecutor's case. When a defendant is not guilty, the prosecutor wins the case if there is no conviction. The dishonest conduct of Counsel for Plaintiff creates serious questions as to whether they are not overzealous in fulfilling their prosecutorial duties.

The Ethical Complaint that Defendant has submitted will only embolden Counsel for Plaintiff and encourage them to seek a conviction at all costs. Defendant has an interest in an impartial prosecutor, without a personal stake in the case, who will seek justice, not just a conviction. *Id.* at 643. McDonald's and Meggali's previous conduct give rise to serious questions as to whether they are unbiased. The ethical complaint gives them a personal stake in the proceeding and may create a personal vendetta against the Defendant. However, even if McDonald and Meggali do not in fact have a personal stake or vendetta against the defendant, their conduct and the ethical complaint engenders an "appearance of impropriety."

*Id.* at 645. Therefore, the Court should disqualify McDonald and Meggali as counsel for Plaintiff.

**CONCLUSION**

For the foregoing reasons, Defendant requests that this Court grant the Defendant's motion to disqualify prosecutors and disqualify Marc McDonald and George Meggali from this case.

Respectfully Submitted,

Dated: December 23, 2021

By: /s/ Joseph Falcone
Joseph Falcone (P25727)
Attorney for Defendant
3000 Town Center, Ste. 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com

By: /s/ Venar Ayar
Venar Ayar (P74233)
Attorney for Defendant
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
248-262-3400
venar@ayarlaw.com

By: /s/ Hayden Leithauser
Hayden Leithauser (P83708)
Attorney for Defendant
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
248-837-9450
hayden@ayarlaw.com