UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:20-cr-20365

v.                                          Honorable Thomas L. Ludington
                                                    United States District Judge

DALE VERNON THRUSH,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND
MOTION FOR EXTENSION**

This matter is before this Court upon Defendant's Motions to Strike the Government's Motions in Limine, ECF Nos. 80; 82, and Defendant's Motion for an Extension of Time to Respond to the Government's Second Motion in Limine, ECF No. 84. For reasons explained hereafter, all three motions will be denied.

**I.**

In August 2020, Defendant Dale Vernon Thrush was indicted on 10 counts of willful failure to truthfully account for and pay over payroll taxes, 26 U.S.C. § 7202, and four counts of willful failure to file a tax return, 26 U.S.C. § 7203. *See* ECF No. 1. On November 5, 2021, the case proceeded to a jury trial. Three days later, a mistrial was declared. ECF No. 61. A new trial is tentatively scheduled for April 26, 2022. ECF No. 77.

On February 20, 2022, the Government filed a motion in limine to exclude the testimony of Frank Dandron. ECF No. 78. Dandron is the former employer of Donna Henke, the Government's key witness and Defendant's former bookkeeper. ECF No. 67 at PageID.828. Defendant obtained leave to depose Dandron in December 2021 on the ground that Dandron was

ill and had material information regarding Henke. *See id.* ("Defendant expects Mr. Dandron to testify that 'he terminated Ms. Henke because she . . . continuously failed to pay the taxes every month even though she was in charge of the payment of those taxes.'" (quoting ECF No. 62 at PageID.527)).

Two days later, Defendant filed a motion to strike, claiming that the Government did not seek concurrence under Local Rule 7.1. ECF No. 79; *see* E.D. Mich. LR 7.1(a)(1) ("The movant *must* ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed." (emphasis added)). In an email exchange earlier that day, the Government explained to defense counsel that it had informed them of its intent to exclude Dandron's testimony before he was even deposed.[1] Regardless, the Government withdrew its motion in limine, sought Defendant's concurrence, and—after concurrence was denied—filed a second, identical motion in limine. *Compare* ECF No. 78 *with* ECF No. 80.

Still unsatisfied, Defendant filed another motion to strike—this time alleging that the Government set an "arbitrary deadline" on Defendant's concurrence. *See* ECF No. 82 at PageID.1291–92 (claiming that the Government ignored Defendant's request for "a few more days to work on reviewing the motion and researching facts and law"). Defendant also filed a motion asking this Court to either expedite consideration of Defendant's motions to strike or extend Defendant's response deadline by 30 days. ECF No. 84.

Three days after seeking a 30-day extension, Defendant filed a response to the Government's second motion in limine. ECF No. 85.

---

[1] Defense counsel apparently believed it was necessary to copy this Court's case manager on their email chain with the Government. It was not. As a general matter, counsel should not contact this Court's case manager except for routine matters such as scheduling.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to address Defendant's motion on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

Defendant's motions to strike rely exclusively on Local Rule 7.1. "Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion and, if concurrence is not obtained, to state in the motion whether or not the parties conferred about the motion." *All About Chores LLC v. Lyon*, No. 18-CV-12000, 2019 WL 2590750, at *1 (E.D. Mich. June 25, 2019). "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *Id.* (quoting *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009)). Failure to seek concurrence may result in the denial of the underlying motion. *Id.*

Here, the Government filed its first Motion in Limine without seeking concurrence, violating Local Rule 7.1. Nonetheless, after learning of its mistake, the Government promptly withdrew its motion. ECF No. 81. The Government's corrective action renders Defendant's motion to strike moot.

As for Defendant's second motion to strike, he has not established a violation of Local Rule 7.1. Although Defendant's request for additional time is understandable, nothing within the Local Rules requires counsel to give the opposition a "few days" grace in responding to a request for concurrence. And there is no indication that the Government made its request in a plainly unreasonable manner. *Cf. Lyon*, 2019 WL 2590750, at *1 (holding that party violated Local Rule 7.1 by seeking concurrence at 10:00 PM on Sunday and filing motion 13 minutes later). Further, because the Government filed its first motion in limine four days before its second, Defendant

- 4 -

should have understood the legal rationale for the Government's motion by the time it sought concurrence. Accordingly, Defendant's second motion to strike will be denied.

Finally, Defendant's motion for an extension will be denied as moot. As noted, Defendant filed its response brief three days after filing its motion for an extension. ECF No. 85. And by all appearances, Defendant's response is well argued. *See generally id.*

### III.

Accordingly, it is **ORDERED** that Defendant's First Motion to Strike, ECF No. 79, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendant's Second Motion to Strike, ECF No. 82, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Extension, ECF No. 84, is **DENIED AS MOOT**.

Dated: March 14, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge