UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:20-cr-20365

v.                                              Honorable Thomas L. Ludington
                                                     United States District Judge

DALE VERNON THRUSH,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY**

In August 2020, Mount Pleasant business owner Dale Vernon Thrush was indicted on 10 counts of willful failure to pay over payroll taxes, 26 U.S.C. § 7202, and four counts of willful failure to file a tax return, 26 U.S.C. § 7203. ECF No. 1. After a year of COVID-19 related delays, the parties finally appeared for jury selection on November 4, 2021. Unfortunately, just a few days after trial began, a mistrial was declared. ECF No. 60; 61. Both the Government's most material witness and the undersigned's spouse had tested positive for COVID-19, and the jury could not accommodate a two-week adjournment. ECF No. 60.

Defendant objected to the mistrial and later filed a motion to dismiss on double-jeopardy grounds. ECF No. 64. He argued that the indictment should have been dismissed because the Government failed to disclose its witness's positive COVID-19 test prior to jury selection. *Id.* at PageID.538. Though sympathetic to his frustration, this Court denied Defendant's motion, reasoning that the mistrial was due to a confluence of factors, not only the Government's conduct. *See United States v. Thrush*, No. 1:20-CR-20365, 2022 WL 2373351, at *4 (E.D. Mich. June 30, 2022). Defendant has since appealed that decision and filed an unopposed motion to stay. ECF Nos. 97; 99. His motion to stay will be granted.

"The Fifth Amendment's Double Jeopardy Clause commands that no criminal defendant shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Foster*, 945 F.3d 470, 474 (6th Cir. 2019) (quoting U.S. CONST. amend. V). To vindicate this protection, an order denying dismissal on double-jeopardy grounds is "appealable under the collateral-order doctrine provided that the claim is 'colorable.'" *United States v. Willis*, 981 F.3d 511, 514 (6th Cir. 2020) (quoting *Richardson v. United States*, 468 U.S. 317, 322 (1984)). A claim is "colorable" for double-jeopardy purposes so long as there is "some possible validity to [it]." *Id.* (quoting *Richardson*, 468 U.S. at 326 n.6).

Defendant's double-jeopardy claim is colorable. The facts of this case are rather unique, and as discussed in this Court's prior opinion, the Government's failure to disclose its witness's COVID-19 test raises a reasonable question as to whether the Double Jeopardy Clause should apply. *See Thrush*, 2022 WL 2373351, at *3–4 (discussing *Downum v. United States*, 372 U.S. 734 (1963)). Although this Court is not convinced that dismissal is appropriate, Defendant's double-jeopardy claim is entitled to further review.

Accordingly, it is **ORDERED** that Defendant's Motion to Stay, ECF No. 99, is **GRANTED**. The above-captioned case is hereby **STAYED** pending the resolution of *United States v. Thrush*, No. 22-1588 (6th Cir. 2022).

Dated: July 27, 2022                           s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge