UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                    Case No. 1:20-cr-20365

v.                                      Honorable Thomas L. Ludington
                                           United States District Judge

DALE VERNON THRUSH,

          Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO DRAFT JURY INSTRUCTIONS, DIRECTING PARTIES TO FILE ANY REMAINING OBJECTIONS TO JURY INSTRUCTIONS, AND DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING**

Defendant Dale Vernon Thrush is charged with wire fraud in violation of 18 U.S.C. § 1343 relating to alleged material misrepresentations he made on Paycheck Protection Program (PPP) loan application and loan-forgiveness applications for 402 N. Mission St. LLC, a business he owns. The Government alleges that Defendant knowingly devised a scheme to defraud the Government of money by misrepresenting his eligibility for the loans, as well as his subsequent use of the loan proceeds. Defendant's jury trial is scheduled to begin on July 16, 2024. ECF No. 168.

On April 30, 2024 First Draft Jury Instructions were emailed to Counsel with instructions to submit any objections by email. On May 15, 2024, Defendant submitted three Objections. The Government sent an email on May 20, 2024 noting it had no objections to the draft instructions but did object to Defendant's proposed changes. Over the next few days, both Defendant and the Government also filed expert witness disclosures. *See* ECF Nos. 169; 170; 171.

Having reviewed Defendant's Objections and the Parties' Expert Witness Disclosures, this Order will address Defendant's Objections and direct supplemental briefing regarding issues raised

by the Parties' Expert Witness Disclosures.

## I.

Defendant raised three Objections to the proposed jury instructions.[1] Each will be addressed in turn.

First, Defendant objected to the instruction which tells the jury that, under the relevant Small Business Association (SBA) regulation, someone subject to an indictment is not eligible for a PPP loan.[2] Defendant explains that it is his "position" that "the regulations surrounding the PPP loans are technical and can be confusing, similar to Tax regulations," and he points out the inconsistent punctuation used in the SBA regulation and the loan application. But characterizing Defendant's *impression* of the relevant law for the jury is not the role of the court. This Court will seek to instruct the jury about the relevant law governing PPP loans. Defendant is free to assert at trial that he was confused or did not understand that he was "subject to an indictment." Accordingly, Defendant's first Objection will be overruled.

Defendant's second Objection proposes the addition of the following instruction in the section that explains PPP loans to the jury:

> You are not to presume that the Defendant understood the law regarding if someone is 'subject to an indictment' they are not eligible for a PPP loan. The Government has to prove beyond a reasonable doubt that the Defendant understood the law at the time he applied for the PPP loan and at the time he signed the application for loan forgiveness.

But the substantive "Wire Fraud" instruction, especially in conjunction with the "Fraud— Good Faith Defense" and "Inferring Required Mental State" instructions accurately and adequately

---

[1] Defendant's Objections were submitted by email and are on file with this Court.
[2] On August 19, 2020, Defendant was indicted on ten counts of willful failure to pay payroll taxes, 26 U.S.C. § 7202, and four counts of willful failure to file his personal income tax returns, 26 U.S.C. § 7203. ECF No. 1. A warrant was issued for his arrest, ECF No. 2, and he was arraigned on September 2, 2020, ECF No. 9.

instruct the jury that the Government bears the burden to prove that Defendant acted with the intent to defraud. *See* Exhibit 1. Accordingly, Defendant's second Objection will be overruled.

Finally, Defendant's third Objection seeks the addition of the following instruction to the "Fraud—Good faith Defense" Instruction:

> You the jury must acquit Defendant if you are not satisfied beyond a reasonable doubt that the defendant knew that he was violating the law when he did not spend the actual proceeds of the PPP loans on qualified payroll costs. In other words, it must be proved that the Defendant knew that how he spent the PPP proceeds was unlawful.

Defendant argues that this instruction "makes it clear that the [G]overnment has to prove" Defendant's state of mind and intent. But—like Defendant's second Objection—existing instructions already sufficiently instruct the jury that the Government bears the burden to prove Defendant acted with an intent to defraud. *See* Exhibit 1. Accordingly, Defendant's third Objection will be overruled.

In sum, all three of Defendant's objections will be overruled. The Second Draft Jury Instructions are attached as Exhibit 1 to this Order for the Parties to review. The Parties are directed to file any remaining objections to the jury instructions on or before June 14, 2024.

**II.**

Turning to the Parties' Expert Witness Disclosures, ECF Nos. 169; 170; 171, it is clear that the Parties are attempting to advance two very different—and incompatible—interpretations of the CARES Act and relevant PPP loan regulations. This dispute must be reconciled in advance of trial so this Court can accurately instruct the jury about *what the law is*.

**A.**

Federal Rule of Evidence 702 authorizes a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify "in the form of an opinion[.]" FED.

R. EVID. 702. But an expert witness may not "testify[] to legal conclusions. An expert offers a legal conclusion when he defines the governing legal standard or applies the standard to the facts of the case." *United States v. Melcher*, 672 F. App'x 547, 552 (6th Cir. 2016) (internal citations omitted); *see also Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) ("It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court.").

True, under Federal Rule of Evidence 704(a), an expert's "opinion is not objectionable just because it embraces an ultimate issue," but attorneys as expert witnesses present unique challenges because "a witness may not testify to a legal conclusion." *Hyland v. HomeServices of America, Inc.*, 771 F.3d 310, 322 (6th Cir. 2014). "Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts. Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses." *United States v. Gordon*, 493 F. App'x 617, 626-27 (6th Cir. 2012) (cleaned up). "Expert testimony may embrace the ultimate issue, but it may not 'define legal terms,' and mere 'recitation of legal principles ... is not appropriate expert testimony.'" *Stryker Corp. v. XL Ins. Am.*, No. 1:17-CV-66, 2020 WL 13443035, at *1 (W.D. Mich. July 22, 2020) (quoting *Killion v. KeHE Distributors, LLC*, 761 F.3d 574, 592–93 (6th Cir. 2014)).

## B.

The Government intends to call Mary Beth Cvengros, Senior Litigation and Investigative Counsel at the SBA as a witness[3] at trial. ECF No. 170. Ms. Cvengros has worked for the SBA since 2010, *see* ECF No. 170-1 at PageID.2873, and has testified in at least six other criminal trials

---

[3] Notably, the "Government does not believe" anything Ms. Cvengros will testify about "qualifies as expert opinion testimony but is declaring it as opinion testimony out of an abundance of caution." ECF No. 170 at PageID.2852 n.2.

since 2022, *id.* at PageID.2874. Before her work with the SBA, Ms. Cvengros worked as a Special Assistant United States Attorney in the Northern District of Illinois from 1984–2006. *Id.* at PageID.2873.

Defendant has identified two expert witnesses he intends to call at trial: Matthew Abbo, *see* ECF No. 169, and Dante Tosetti, *see* ECF No. 171. Mr. Abbo is a CPA and a "founder and partner" of DA Advisory Group PLLC, a licensed CPA firm in Michigan that provides tax, assurance, and accounting consulting services. ECF No. 169 at PageID.2848. Before his work with DA Advisory Group PLLC, Mr. Abbo worked at Ernst and Yonug beginning in 2015. *Id.* Mr. Tosetti is "a former Chief Credit Officer for a national bank who oversaw, approved, and obtained forgiveness for all PPP loans the bank funded." ECF No. 171 at PageID.2880. He has over 25 years of experience "as a bank officer, bank examiner, and bank executive," and since 2020 has testified as an expert witness in one civil case. *Id.* at PageID.2880.

Importantly, this Court has no concerns about expert testimony regarding their review of Defendant's financial records and the expenditures of the Defendant's business for covered expenses as required for PPP loan forgiveness. *See* ECF No. 169 at PageID.2846. But this Court is concerned about the Parties' very different interpretations of the CARES Act and relevant PPP loan regulations, as demonstrated by their summary of anticipated testimony from Ms. Cvengros and Mr. Tosetti.

The Government reports that Ms. Cvengros will testify that PPP-loan proceeds were not "fungible" and that borrowers were not authorized to transfer funds to personal or other business accounts. *See* ECF No. 170 at PageID.2853 ("Money is not fungible under the PPP loan program; the specific proceeds must be spent on allowable expenses." (emphasis omitted)); at PageID.2855 ("[T]he PPP program criteria required that the loan recipient must spend the *specific proceeds* on

the allowable uses as enumerated under the program guidelines." (emphasis added)). This Court understands the Government's assertion to be that PPP loan proceeds were required by law to be deposited into a bank account separate and apart from the borrower's other cash funds to most expeditiously confirm use of the funds complied with the PPP requirements.

In response, Defendant reports he intends to call Mr. Tosetti to rebut Ms. Cvengros's testimony. ECF No. 171 at PageID.2880. Defendant anticipates that Tosetti will testify that beyond regulating the *types* of expenses PPP-loan funds could be used for, "there was no clear guidance from the SBA on how to deposit the PPP loan funds." *Id.* at PageID.2878. Defendant further anticipates Mr. Tosetti will testify that "there was no single guidance from the SBA with respect to accounting for PPP loans" and no requirement that funds remain isolated in one account. *Id.* Defendant's summary of Tosetti's anticipated testimony goes on to suggest that while Tosetti "advised his clients to isolate" and "trace the funds," that advice was based on his many years of experience in banking, and *not* because there was any SBA requirement to do so. Defendant seemingly asserts, contrary to the Government, that although keeping PPP proceeds in a separate bank account may have been expedient from an accounting perspective, doing so was not *required* by any rule or regulation, thus PPP proceeds *could* be comingled with the borrower's other accounts. And, equivalently, this Court understands Defendant's assertion to be that so long as *any* funds from Defendant's LLC were *in fact* used to pay for PPP-approved expenses, Defendant complied with PPP-loan-use requirements.

Quite simply, both interpretations of the relevant PPP regulations cannot be correct. And—regardless of which interpretation is correct, any purported expert may not testify as to *what the law is*. *See Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 959 (E.D. Mich. 2018) (citing *United States v. Melcher*, 672 F.App'x 547, 552 (6th Cir. 2016) (excluding expert testimony

when expert "defined the governing legal standard by providing an extensive history and explanation" of the relevant law))).

Yet it is worth noting that neither party provides an explanation for the difference of opinion nor any citation to any *relevant* law. So, in advance of trial, the Parties will be directed to file supplemental briefing that identifies the relevant legal authority regulating the management of PPP-loan funds, including the fungibility of the funds and the separation or isolation of funds from personal or other business funds.[4]

### III.

Accordingly, it is **ORDERED** that Defendant's May 15, 2024 Objections to the First Draft Jury Instructions are **OVERRULED**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file any remaining objections to the Second Draft Jury Instructions attached as Exhibit 1 **on or before June 14, 2024**.

Further, it is **ORDERED** that that the Parties are **DIRECTED** to file supplemental briefing, not to exceed eight pages, **on or before June 14, 2024** that identifies the relevant legal authority regulating the management of PPP-loan funds, including the fungibility of the funds and the separation or isolation of funds from other personal or business funds.

Dated: June 4, 2024             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[4] Notably, if no relevant legal authority is identified, the logical conclusion is that the transfer of funds between accounts was permissible, which seemingly forecloses the Government's position that loan proceeds were *not* fungible and that the funds could not be comingled with other funds of the borrower.