UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DALE VERNON THRUSH,

        Defendant.

Case No. 1:20-CR-20365

Hon. Thomas L. Ludington
United States District Judge

---

**Government's Response to Court Inquiry Regarding Authority Governing Paycheck Protection Program Loan Fund Expenditures**

---

The United States of America ("the Government") files this motion in response to this Court's Order dated June 4, 2024. ECF No. 172. The Government does not understand that there is a disagreement with Defendant Dale Thrush regarding application of the relevant law governing PPP loans and the Government will not argue that "PPP loan proceeds were required by law to be deposited into a bank account separate and apart from the borrower's other cash funds to most expeditiously confirm use of the funds complied with the PPP requirements." *Id.* at 6. Instead, the PPP loan regulations and specific PPP loan agreement terms signed by

1

Defendant provide requirements that the specific PPP loan proceeds he received will subsequently be spent only on the expenses enumerated in his specific PPP loan agreement. Thus, should the proposed expert testimony of Matthew Abbo and Dante Tossetti be elicited exactly as described in their relevant disclosures (ECF Nos. 169, 171), Defendant would be guilty of the charged wire fraud count if the evidence provides beyond a reasonable doubt that, among things, Defendant: i) obtained his specific PPP loan funds through a fraudulent misrepresentation; ii) spent his specific PPP loan funds on expenses that ***were not*** enumerated in his specific PPP loan agreement; and iii) secured PPP loan forgiveness based on a fraudulent misrepresentation that his specific PPP loan funds ***were only spent*** on expenses enumerated in his specific PPP loan agreement.

## BACKGROUND

Count 16 of the superseding indictment charges Defendant with committing a wire fraud offense in violation of 18 U.S.C. § 1343. On June 4, 2024, this Court ordered the parties to respond to the Court's inquiries regarding the legal requirements regulating management of PPP loan funds. ECF No. 172 at 6-7. Additionally, the Court sought additional information on the funds' fungibility and the separation of funds from personal or other business funds. *Id.* at 7.

## **RELEVANT LEGAL AUTHORITIES**

PPP loan regulations were enacted with authority delegated to the Small Business Administration ("SBA") to administer them. *See* 15 U.S.C. § 636(a)(36). Second draw regulations were also added to provide guidance on the second draw loans. 15 U.S.C. § 636(a)(37). However, the second draw applications largely incorporated the PPP regulations. *See* 15 U.S.C. § 636(a)(37)(B). Regarding maintenance of proceeds, these regulations stated, among other things, "During the covered period, an eligible recipient may, in addition to the allowable uses of a loan made under this subsection, use the *proceeds of the covered loan* for . . ." then listed a series of allowable expenses. 15 U.S.C. § 636(a)(36)(F)(i) (emphasis added). The regulations also required that the borrower make certain good faith certifications, including "that *funds* will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." 15 U.S.C. § 636(a)(36)(G)(i)(II) (emphasis added).

The regulations delegate authority to the SBA and approved lenders to determine different things such as the borrower's: operations, extent of payroll, and extent of independent contractors. *E.g.* 15 U.S.C. §§ 636(a)(36)(F)(ii)-(iii). The SBA used detailed agreements as one tool to

3

execute the PPP program. As part of signing the agreement, the borrower would initial next to certain paragraphs.

## ARGUMENT

**I. Defendant Spent portions of his Specific PPP Loan Proceeds on Expenses that were not Enumerated in his Specific PPP Loan Agreements**

The Government's evidence will show Defendant spent portions of his specific PPP loan funds on expenses that were not enumerated in his specific PPP loan agreement documents. For example, the Government's evidence (and the diagram below) show a series of transactions relating to PPP loan #1 and five subsequent transactions between May 29 and June 3 of 2020 with Securities Trading Platform 1 held by Defendant as an individual.[1] The Government's Bill of Particulars also details this same series of transactions. ECF No. 135.

---

[1] When the PPP Loan # 1 diagram states that Defendant did something such as a deposit, it means Defendant either did that thing or caused it to occur. The unredacted version of this diagram, along with the accompanying slides showing the specific evidence supporting it, were sent to Defendant as a PDF on April 9, 2024. The Government previously asked for Defendant's consent to publish these slides to the jury, but Defendant has not responded.



After seeing this flow of funds in the diagram above, the remaining question would be whether the beginning balances containing non-PPP funds in Accounts ending in 9214 and 3700 ("respectively Accounts 9214 and 3700") were sufficient to cover the wires to the defendant. They were not. The bank statements for Account 9214 show the only money put into this account as of the date of the relevant transactions were PPP loan funds. *See* Gov. Ex. 1007F. The bank statements for Account 3700 show the beginning balance as approximately $24,317 on May 20, 2020, when PPP loan funds were deposited. Gov Ex. 1007A at 5. In the time between the May 20, 2020 PPP loan fund deposit and the Securities Trading Platform 1 withdrawals, Defendant deposited approximately $2,057 in other funds (totaling roughly $26,374 in assumed non-PPP loan funds). *Id.* at 5-6.

Thus, the $45,000 in wires to Defendant's personal account must contain PPP loan funds because the total amount of transactions ($45,000) exceeds the account's assumed non-PPP loan funds of approximately $26,374. Afterward, when the individual $9,000 deposits into Defendant's personal account are traced, they show a one-for-one match to deposits at Securities Trading Platform 1. Thus, the Government will not argue that Defendant failed to segregate PPP loan funds, rather the Government will argue Defendant committed fraud, in part, by spending his specific PPP loan funds on expenses that ***were not*** enumerated in his specific PPP loan agreement, then obtaining loan forgiveness.[2]

## II. PPP Loan Regulations Require the Defendant to Spend the Specific PPP Loan Proceeds on Specific Expenses

The PPP loan regulations repeatedly state that the PPP Loan *proceeds* must be used for eligible expenses. First, under the heading "Allowable uses of covered loans" the regulations state "an eligible recipient may, in addition to the allowable uses of a loan made under this

---

[2] The segregation requirement may be in reference to a comment made by Government counsel at the most recent case status discussion. Government counsel made an incomplete statement to the effect that applicants for PPP loan funds were prohibited from transferring PPP loan funds between accounts. After identifying this error, government counsel clarified this statement to counsel (see email in Attachment A). Government counsel's complete statement should have been that Government counsel understood applicants for PPP loan funds were prohibited from transferring PPP loan funds from accounts held in the name of the applicant to accounts that are not held in the name of the applicant, as such a transfer would be a violation of the PPP loan agreement. As a result, where Defendant transfers PPP loan funds from an account held by 402 N Mission (the applicant) to an account held by Defendant, individually, that transfer is a violation of the PPP loan agreement. This same information was communicated to defense in the Memorandum of Interview of Mary Cvengros sent on March 29, 2024.

6

subsection, *use the proceeds* of the covered loan for . . ." 15 U.S.C. § 636(a)(36)(F)(i) (emphasis added). Second, the regulations prohibit proceeds from being used in certain ways. 15 U.S.C. § 636(a)(36)(F)(vi). Third, to receive a loan, the regulations require a good faith certification from the Borrower that, among other things, the borrower "[acknowledges] that funds will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." 15 U.S.C. § 636(a)(36)(G)(i)(II). Thus, read together, the regulations support the conclusion the SBA intended individual borrowers to spend PPP loan funds on enumerated expenses.

### III. Defendant's PPP Loan Agreement Documents Repeatedly Mentioned the Specific Proceeds

The PPP loan agreement Defendant signed or caused to be signed incorporates the promises he made to the SBA. As described above, the agreements were an integral part of the PPP loan process because they detail the requirements and certifications borrowers must make to the government. Thus, in conjunction with the regulations, the agreement should be considered the rules regulating PPP loan funds.

Defendant's specific PPP loan documents repeatedly state that the PPP Loan *proceeds* must be used for eligible expenses. The Government identified at least eight specific mentions of proceeds to the borrower (see

7

Attachment B). Moreover, the borrower's initials appear next to at least one paragraph stating the requirement to spend the proceeds on the specified categories. Gov. Ex. 2008A at 8.

Finally, Defendant's agreement unambiguously required him to certify that he used the PPP loan proceeds in compliance with program rules. The First Draw Forgiveness Application required Defendant initial next to the statement "The Borrower has complied with all requirements . . . including the rules related to . . . eligible uses of PPP loan *proceeds*." Gov. Ex. 2008C at 1 (emphasis added). The Second Draw Forgiveness Application also made Defendant initial next to the exact same statement. Gov. Ex. 2008B at 1. Thus Defendant understood and agreement he would spend PPP loan proceeds on eligible expenses.

Date: June 6, 2024

Respectfully submitted,

STUART GOLDBERG
Acting Deputy Assistant Attorney General

/s/Evan Mulbry
Evan Mulbry (MD2211290077)
Mark McDonald (VA72198)
DOJ Tax Division, Trial Attorneys
600 Church Street, Ste 201
Flint, Michigan 48502-1280
(202) 305-2672
Mark.S.McDonald@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

/s/ Evan Mulbry
Evan Mulbry
Trial Attorney