UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DALE VERNON THRUSH,

    Defendant.

Case No. 1:20-CR-200365

Hon. Thomas L. Ludington
United States District Judge

---

**Government's Reply to Court Inquiry Regarding Authority Governing Paycheck Protection Program ("PPP") Loan Fund Expenditures**

---

The United States of America ("the government") files this reply in response to Defendant's Response to Court Inquiry Dated June 4, 2024. ECF No. 179. The government seeks to clarify language Defendant raised in their briefing. Specifically, the government wishes to clarify Defendant's statements that the law does not specify or require that the "loan proceeds" or "loan funds" be used for those expenses. ECF No. 179 at 2. In fact, PPP regulations both specify and require those exact things. Moreover, the government wishes to point out that Defendant's other arguments raise

1

factual questions for the jury to decide. Thus, the government requests that this case move forward to trial because there is no ambiguity in the law.

## **ARGUMENT**

### I. Defendant Argues PPP Regulations Do Not Specify or Require Loan Proceeds Be Used for Required Expenses, But They Do

Defendant's argument boils down to two points: (1) the word "proceeds" is not defined and Defendant believed it to have a definition different from the government; and (2) the regulations do not "require that the 'loan proceeds' or 'loan funds' be used for those expenses." *See* ECF No. 179. Defendant argues that the term "proceeds," when viewed alone, does not mean the specific dollars but means any amount of money. *See* ECF No. 179 at 4. Defendant also cites the language "Amount of loan Spent on Payroll Costs," then makes a counterintuitive argument analogizing the current situation to a Nineth Circuit case involving an auctioneer. *Id.* at 5. Defendant further states the missing words "actual proceeds" means the regulations did not put Defendant on notice regarding the proceeds use requirement. *Id.*

Addressing Defendant's two main points also deals with their subsidiary arguments. Thus, the government will show that (1) the regulations *do* require that the "loan proceeds" or "loan funds" be used for required

2

expenses; and (2) Defendant's other arguments are factual questions for the jury to decide.

First, Defendant states the regulations do not require "loan proceeds" or "loan funds" be used on specific expenses. *Id.* at 2. However, in 15 U.S.C. § 636(a)(36)(F), under "Allowable uses of covered loans"[1] the regulations state "an eligible recipient may . . . use *proceeds of the covered loan* for . . ." then proceeds to list the specific expenses. 15 U.S.C. § 636(a)(36)(F)(i). Thus, this language shows the Defendant's argument does not align with the regulations' actual text.

Second, Defendant takes the position that "he believed that he did not have to use the exact same dollars of the loan to pay the eligible expenses. His definition of 'proceeds' was 'amount or value.'" ECF No. 179 at 4. This argument concerning what Defendant believed the law to be raises a factual question, which is for the jury to decide. Thus, Defendant's other arguments should be denied, and the case moved forward to trial.

---

[1] "[T]he term "covered loan" means a loan made under this paragraph during the covered period." 15 U.S.C. § 636(a)(36)(A)(ii).

3

## **CONCLUSION**

The government respectfully asks this Court to find the law unambiguous and allow the case to move forward to trial.

Date: June 17, 2024              Respectfully submitted,

                                 STUART GOLDBERG
                                 Acting Deputy Assistant Attorney
                                 General

                                 /s/Evan Mulbry
                                 Evan Mulbry (MD2211290077)
                                 Mark McDonald (VA72198)
                                 DOJ Tax Division, Trial Attorneys
                                 600 Church Street, Ste 201
                                 Flint, Michigan 48502-1280
                                 (202) 305-2672
                                 Mark.S.McDonald@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

/s/ Evan Mulbry
Evan Mulbry
Trial Attorney
