UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:20-cr-20365

v.                                            Honorable Thomas L. Ludington
                                                 United States District Judge

DALE VERNON THRUSH,

        Defendant.
_____/

**OPINION AND ORDER ADDRESSING PARTIES' SUPPLEMENTAL BRIEFS, MODIFYING JURY INSTRUCTIONS, AND EXCLUDING EVIDENCE OF 402'S PAYMENTS AND USE OF MONEY FOR NON-PPP-APPROVED EXPENSES AT TRIAL**

Defendant Dale Vernon Thrush is charged with wire fraud, in violation of 18 U.S.C. § 1343, for making material misrepresentations on Paycheck Protection Program (PPP) loan and loan-forgiveness applications associated with his business, 402 N. Mission St. LLC ("402"). The Government alleges that Defendant knowingly devised a scheme to defraud the Government of money by misrepresenting his eligibility for the loans, as well as his subsequent use of the loan proceeds. Defendant's jury trial is scheduled to begin on July 16, 2024. ECF No. 168.

In May 2024, this Court sent draft jury instructions to the Parties. In June 2024, this Court overruled Defendant's three objections to the draft jury instructions and issued a second draft to the Parties. ECF Nos. 172; 172-1. This Court also noted—after reviewing both Parties' expert witness disclosures—that "the Parties are attempting to advance two very different—and incompatible—interpretations of the CARES Act and relevant PPP loan regulations." ECF No. 172 at PageID.2884. The Government, on the one hand, asserts that Defendant—and all PPP borrowers—were required to spend the *specific loan proceeds* only on PPP-approved expenses.

*See* ECF Nos. 170 at PageID.2853 ("Money is not fungible under the PPP loan program[.]"); 173 at PageID.2911–12 (arguing that "the SBA intended individual borrows to spend [the specific] loan funds on enumerated expenses"). Defendant, on the other hand, argued that PPP loan proceeds were fungible and could be deposited into—and moved between—any of 402's bank accounts because "there was no clear guidance from the SBA on how to deposit the PPP loan funds," ECF No. 171 at PageID.2878, "so long as *any* funds from [a borrower's business] were *in fact* used to pay for PPP-approved expenses, [the borrower] complied with PPP-loan-use requirements," ECF No. 172 at PageID.2887 (emphasis in original). Recognizing that the "dispute must be reconciled in advance of trial so this Court can accurately instruct the jury about *what the law is*[,]" *id.* at PageID.2884 (emphasis in original), the Parties were directed to submit supplemental briefs "that identifie[d] the relevant legal authority regulating the management of PPP-loan funds, including the fungibility of the funds and the separation or isolation of funds from other business funds." *Id.* at PageID.2888.

Neither Party filed objections to this Court's second draft jury instructions. But this Court will nevertheless modify the jury instruction based on the Parties' Supplemental Briefs, ECF Nos. 173; 179, to ensure instructions at trial accurately reflect the law regarding the use of PPP loan proceeds.

The Government responded to this Court's supplemental-briefing directive, surprisingly, that it "does not understand that there is a disagreement [between the parties] regarding the application of the relevant law governing PPP loans." ECF No. 173 at PageID.2906. To that end, the Government noted that, at trial, it would *not* argue that the law requires PPP loan proceeds to be deposited into a borrower's bank account separate and apart from their other cash funds, but will argue instead that "PPP loan regulations and specific PPP loan agreement terms signed by

Defendant" required the PPP loan proceeds Defendant received to be spent "only on the expenses enumerated in his specific PPP loan agreement." *Id.* at PageID.2906–07.

Despite denying the existence of any disagreement, the Government seemingly doubles down on its theory that the use of the *specific, particular* loan proceeds deposited into 402's bank account is the only relevant inquiry. The core of the Government's argument is that, under PPP Loan Rules, Defendant *could not* have used other cash funds for PPP-approved expenses and still be in compliance with PPP Loan Rules. *See generally* ECF No. 173. Indeed, the Government asserts that "PPP Loan Regulations *[r]equire* the Defendant to" spend the specific *loan proceeds* on PPP-approved expenses. ECF No. 173 at PageID.2911 (emphasis added). But the Government cites no rule, regulation, statute, or legal precedent in support of its contention. *See generally* ECF No. 173. And—importantly—although the Government emphasizes the use of the word "proceeds" in the PPP Loan Application and PPP Loan-Forgiveness Application, suggesting it means *the specific dollars* received from the loan, the term is undefined in all relevant PPP applications, regulations, and applicable statutes.

On the other hand, Defendant—in his supplemental briefing—acknowledged the Parties' disagreement about the law governing PPP loan funds. ECF No. 179 at PageID.2995. Defendant argues that the "SBA was not clear on its guidance for the PPP" and that there is no legal authority supporting the Government's contention that "proceeds" meant "the exact same loan dollars" received from the PPP Loan. Importantly, Defendant points out, the loan-forgiveness applications instructed borrowers that the "requested loan forgiveness amount" was the *amount of money* spent on cash compensation, employee benefits, and owner compensation, plus any amount spent on eligible nonpayroll costs. *See* ECF No. 124-3 at PageID.2208. The loan forgiveness application did not require the *specific dollars received from the loan* to be spent on PPP-approved expenses.

- 3 -

It required only *the total amount of money* spent on PPP-approved expenses.

As this Court noted in its June 4, 2024 Opinion and Order, "if no relevant legal authority is identified" in support of the Government's contention that borrowers could not comingle their PPP loan funds with other cash funds of their business, logic compels the opposite conclusion: "that the transfer of funds between [402's bank] accounts was permissible." ECF No. 172 at PageID.2888, n. 4. As explained in the same Opinion and Order, this conclusion "seemingly forecloses the Government's position that loan proceeds were *not* fungible and that the funds could not be comingled with other funds of the borrower." *Id.* Importantly, the Parties' supplemental briefs do not contain *any* legal authority supporting the Government's contention. ECF Nos. 173; 179. And this Court has been unable to identify *any* supporting authority elsewhere. Thus, this Court concludes that PPP-loan funds *were* fungible and *could* be comingled with a borrower's other funds to pay PPP-approved expenses. Accordingly, the jury instructions will be modified to reflect that legal conclusion, and the jury will be provided with the following instruction:

> There was no PPP Rule or other law prohibiting the comingling of PPP loan proceeds with other borrower funds. To that end, PPP loan proceeds were fungible, meaning they were interchangeable with other funds of the borrower.

*See* Exhibit 1 at 11.

In accordance with the instructions that will be given to the jury, evidence of 402's payments for PPP-approved expenses during the covered periods up to $231,060.00 will be admissible at trial. Conversely, any evidence of payments or expenditures for *non* PPP-approved expenses will be excluded at trial, because such evidence is irrelevant. *See* FED. R. EVID. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). What the Government must prove to the jury

under the relevant PPP law here is that the Defendant *did not* pay $231,060.00 in PPP-approved expenses during the covered periods like he claimed he did in his PPP loan-forgiveness applications. Accordingly, any evidence of payments for *non* PPP-approved expenses would have a tendency to confuse the jury and would substantially outweigh any marginal probative value. *See* FED. R. EVID. 403. So, such evidence must be excluded at trial.

Accordingly, it is **ORDERED** that the Second Draft Jury Instructions, ECF No. 172-1, are **MODIFIED** to accurately reflect the law regarding the use of PPP loan funds. The modified jury instructions are attached as Exhibit 1 to this Order.

Further, it is **ORDERED** that any evidence of 402's payments for non PPP-approved expenses will be **EXCLUDED** at trial.

Dated: June 21, 2024                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge